UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **PAUL STEPHAN** | * | **CIVIL ACTION NO. 11-CV-2044** |
| **#316085** | * | |
| | * | **SECTION P** |
| **VERSUS** | * | |
| | * | **JUDGE MINALDI** |
| **LOUISIANA DEPARTMENT** | * | |
| **OF CORRECTIONS, ET AL** | * | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed by Paul Stephan. Doc. 7. The plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Allen Correctional Center (ACC) in Kinder, Louisiana. This court previously granted plaintiff's request to proceed *in forma pauperis*. Doc. 9.

Plaintiff names the following as defendants herein: the Louisiana Department of Corrections (LDOC), GEO Group, Inc., ACC Health Services Administrator Angela Easom, ACC Warden Terrell, ACC Assistant Warden Cooley, LDOC Secretary James LeBlanc, and, ACC nurses Ms. Harmon and Summer Gauteaux. He seeks damages pursuant to 42 U.S.C. § 1983 on the grounds that various defendants were deliberately indifferent to his medical needs.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### Statement of the Case

Plaintiff arrived at ACC on May 2, 2011. He informed medical personnel that he had a pulled tendon in his right palm and a rupture in his right wrist caused when he fell in the shower in the parish jail. He also told them that he had an appointment with an orthopedic surgeon in

Shreveport on March 29, 2011, wherein he was told that he needed surgery on his hand.  ACC gave plaintiff Motrin for pain and ordered an x-ray.

Plaintiff wrote to defendant Cooley about his medical condition and Cooley forwarded the letter to the ACC hospital administrator.  Thereafter, plaintiff saw ACC physician Harris on May 20, 2011.  A wrist brace was issued and plaintiff was told to take Motrin twice daily until November 2011.  A health care request form notes that plaintiff was also on Naproxen twice daily and that he was often a no show for the morning pill call.

Over the next two months, plaintiff states that he made many sick calls to request pain medication.  He wrote to defendant Cooley again on June 21, 2011.  Cooley sent the letter to ACC Health Services Administrator Angela Easom.  Plaintiff states that Easom told him that he had seen the doctor several times and that no further treatment was indicated as there were no broken bones or fractures.

Plaintiff then wrote to Warden Terrell on June 29, 2011.  This letter was also sent to the ACC HSA, who responded on July 5, 2011 that the ACC physician intended to treat plaintiff at ACC.  On July 7, 2011, plaintiff filed an emergency ARP wherein he noted that he had stopped taking the Motrin because it was hurting his stomach.  Instead, he was taking Tylenol, but it was not relieving his pain.

Plaintiff continued to make sick call requests and on August 10, 2011, he was sent to Huey P. Long Hospital (HPL).  The doctor there informed plaintiff that he needed to see an orthopedic surgeon and gave him pain medication.  On August 18, 2011, Nurse Gauteaux noted that the HPL physician consulted with an orthopedic surgeon and that ACC was waiting for the appointment to be scheduled.  It was also noted that the nurse practitioner ordered another

medication twice daily, discontinued the Motrin, and instructed plaintiff to continue use of the brace.

On June 28, 2012, plaintiff filed a supplemental complaint wherein he stated "After being sent to LSU Shreveport, La. to the orthopedic, plaintiff was told his surgery would have to wait due to so much weight loss. I was ordered Ultram 50 mg till 9-15-12 and ensure or a protein drink 2 x day and weight check every week…Now getting two types of medication to help with the pain but the medication does not provide relief."

Plaintiff contends that the above actions of the defendants constitutes cruel and unusual punishment and amounts to deliberate indifference to his serious medical needs. As relief, plaintiff seeks compensatory damages for pain and suffering, and mental stress as well as punitive damages.

## Law and Analysis

### A. Frivolity Review:

Haney has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's

allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolous); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

### B. 42 U.S.C. § 1983:

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, the initial question is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle the Haney to relief. In order to hold the defendants liable, Haney must allege facts to show: (1) a constitutional right has been violated, and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that Haney has presented the best case under the circumstances. Further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving Haney the benefit of every doubt, the court concludes that he has failed to state a claim upon which relief may be granted, his claims are frivolous as a matter of law, and his complaint should therefore be dismissed with prejudice.

### 1. Claims Against Defendant LDOC:

At the outset, this court holds plaintiff's claims against the Louisiana Department of Corrections are not viable. The Eleventh Amendment to the United States Constitution bars lawsuits against a state agency if the agency is so closely connected to the state that the state itself is the party in interest. *See Vogt v. Board of Comm'rs of the Orleans Levee District,* 294 F.3d 684 (5th Cir. 2002). The Fifth Circuit has previously recognized the Department of Public

Safety and Correction is entitled to Eleventh Amendment immunity. *See e.g. Champagne v. Jefferson Parish Sheriff's Office,* 188 F.3d 312 (5th Cir. 1999). Thus, the claim against the Louisiana Department of Corrections fails to state a claim upon which relief may be granted.

### 2. Claims Against Supervisors:

Plaintiff claims relief from defendants GEO, Inc., and LDOC Secretary James LeBlanc, who he claims are liable in their supervisory capacity. These claims do not entitle him to relief.

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily articulate a set of facts that illustrates a defendant's participation in the alleged wrong. *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir.1986). A supervisor may be held liable only if: (1) the supervisor is personally involved in the constitutional deprivation, or (2) there exists a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303–304 (5th Cir.1987).

Neither condition is satisfied in this case. Supervisory officials are not liable for subordinates' actions on any vicarious liability theory as the doctrine of *respondeat superior* does not apply in Section 1983 actions. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691, (1978). These claims fail to state a claim upon which relief may be granted.

### 3. Remaining Claims Against Medical Care Providers:

A convict's medical care claims are analyzed under the Eighth Amendment. Plaintiff can establish an actionable constitutional violation only if he alleges facts tending to show that the defendants were deliberately indifferent to a serious medical need. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir. 2001). He must show: (1) prison officials were aware of facts from which an inference of substantial risk could be drawn, (2) officials actually drew that

inference, and (3) the response by officials indicates that they subjectively intended that harm occur. *Id.* at 458-59.

The appropriate test balances the needs of the prisoner against the needs of the penal institution, and as such, the critical focus looks to medical necessity, not desirability. *Woodall v. Foti*, 648 F.2d 268, 272 (5th Cir. 1981). A plaintiff's disagreement with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. *See e.g. Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1992). An allegation that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado*, 920 F.2d at 321. Prisoners are not constitutionally entitled to the best medical care that money can buy. *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992). Continuing pain is unpleasant, but it does not automatically demonstrate the occurrence of a constitutional violation. *Id.*

Plaintiff claims that defendants Easom, Terrell, Cooley, LeBlanc, Harmon, and Gauteaux were deliberately indifferent to his serious medical needs; however, the information contained in plaintiff's complaint, supplemental complaints, and exhibits shows that plaintiff received substantial medical treatment, including doctors' visits, medication, an x-ray, a brace, permission to sit at the handicap table for meals, and the scheduling of surgery once plaintiff is physically able. Plaintiff's allegations, at most, state a disagreement amongst him and the medical staff regarding the procedures to treat his medical problems. These claims are insufficient to establish that a constitutional violation has occurred.

The decisions regarding plaintiff's appropriate course treatment are best left to the prison officials. The facts of this case clearly do not demonstrate that the defendants refused to treat

him, ignored his complaints, or intentionally treated him incorrectly, must less does the evidence support a finding of deliberate indifference.

Accordingly,

IT IS RECOMMENDED that plaintiff's civil rights complaint be DENIED AND DISMISSED WITH PREJUDICE as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915A(b)(1) and 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

IT IS ALSO RECOMMENDED that plaintiff's related motions, specifically the motion to appoint counsel and motion for copies, be dismissed as moot. Docs. 23, 24.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429-30 (5th Cir. 1996).

THUS DONE this 25th day of November, 2012.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE